# UNITED STATES DISTRICT COURT
## Western District of North Carolina

### Petition for Warrant for Offender Under Supervision

Name of Offender: **Avery Shandel James**                                  Case Number: 3:05CR227-01

Name of Sentencing Judicial Officer: The Honorable Robert J. Conrad, Jr., U.S. District Court Judge

Date of Original Sentence: 9/25/2006           Register Number: 12858-171           PACTS Number: 15343

| | |
|---|---|
| Original Offense: | Count 1s: Conspiracy to commit an offense against the U.S., 18 U.S.C. § 371, Class D Felony<br>Count 2s: Bank robbery and aiding and abetting same, 18 U.S.C. § 2113 and 18 U.S.C. § 2, Class C Felony<br>Count 3s: Armed bank robbery and aiding and abetting same, 18 U.S.C. § 2113 and 18 U.S.C. § 2, Class B Felony<br>Count 4s: Brandishing a firearm during and in relation to a crime of violence and aiding and abetting same, 18 U.S.C § 924(c) and 18 U.S.C. § 2, Class A Felony<br>Count 5s: Possession of a firearm by a convicted felon – armed career criminal, 18 U.S.C. §§ 922(g) and 924(e), Class A Felony<br>Count 6: Possession of a firearm which has had the serial number removed, 18 U.S.C. § 922(k), Class D Felony<br>Count 7: Conspiracy to commit an offense against the U.S., 18 U.S.C. § 371, Class D Felony<br>Count 8: Endeavoring to influence, obstruct and/or impede the administration of justice, 18 U.S.C. § 1503, Class C Felony |
| Original Sentence: | Count 1s: Sixty (60) months to run concurrently with counts 2s, 3s, 5s, 6s, 7s & 8s; three (3) years of supervised release to follow to run concurrently.<br>Count 2s: Two Hundred Forty (240) months to run concurrently with counts 1s, 3s, 5s, 6s, 7s & 8s; three (3) years of supervised release to follow to run concurrently.<br>Count 3s: Three Hundred (300) months to run concurrently with counts 1s, 2s, 5s, 6s, 7s & 8s; three (3) years of supervised release to follow to run concurrently.<br>Count 4s: Life to run consecutively to all terms; five (5) years to run concurrently.<br>Count 5s: Three Hundred Sixty (360) months to run concurrently with counts 1s, 2s, 3s, 6s, 7s & 8s; five (5) years to run concurrently.<br>Count 6s: Sixty (60) months to run concurrently with court 1s, 2s, 3s, 5s, 7s, & 8s; three (3) years of supervised release to follow to run concurrently.<br>Count 7s: Sixty (60) months to run concurrently with counts 1s, 2s, 3s, 5s, 6s, and 8s; three (3) years of supervised release to follow to run concurrently.<br>Count 8s: One Hundred Twenty (120) months to run concurrently with counts 1s, 2s, 3s, 5s, 6s, & 7s; three (3) years of supervised release to follow to run concurrently.<br>The defendant to pay restitution in the amount of $9,862.00 (balance is $9,096.98). |
| Amended Sentence: | On 9/9/19, the defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §§ 2255 and 2241 was granted in part and the defendant's original sentence was vacated. Specifically, as to Count 5, defendant was no longer subjected to the armed career criminal enhancement and, as a result, this offense was reclassified as a Class C felony. Defendant was also no longer subjected to the guidelines' career offender enhancement and, as a result, his criminal history category was reclassified to a III. On 11/26/19, an amended judgment was entered imposing a sentence of time served on each count with three (3) years supervised release on counts 1s, 2s, 3s, 5s, 6s, 7s and 8s and five (5) years supervised release on count 4s, all of these terms to run concurrently. |
| Type of Supervision: Supervised Release | Date Supervision Commenced: November 27, 2019 |
| Assistant U.S. Attorney: Kevin Zolot | Defense Attorney: Keith M. Stroud |

### PETITIONING THE COURT

☒ To issue a warrant
☐ To issue a summons

**BOND RECOMMENDATION:** Detention

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **FAILURE TO REPORT WITHIN 72 HOURS (Date violation concluded: 2/16/2022).** The defendant has violated the condition of supervision that states, "The defendant shall notify the probation officer within 72 hours of any change in residence or employment," in that, on 2/13/2022, United States Probation Officer from the Middle District of North Carolina conducted a home contact at his last known home address, 124 Dale Peterkin Street, Hamlet, NC and the home appeared to be vacant. The supervising officer left a note on the door asking him to contact his Probation Officer and be home for a contact on 2/16/2022. On 2/16/2022, the supervising officer received a call from a female indicating that she received the note, and she did not know the defendant. As of this date the defendant whereabouts are unknown. It is believed he has absconded. (Grade C) |
| 2. | **FAILURE TO MAKE REQUIRED COURT PAYMENTS (Date violation concluded: 2/28/2022).** The defendant has violated the condition of supervision that states, "The defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release on a schedule to be established by the Court," in that, the defendant has failed to make required $50.00 a month payments. According to Opera, the defendant's last payment was made on 5/26/21. His balance is $9,096.98. (Grade C) |

U.S. Probation Officer Recommendation:

The term of supervision should be
- ☒ revoked.
- ☐ extended for years, for a total term of years.

It is requested that access to this document be restricted to the U.S. Attorney until service; upon notification that service has been effected the document shall be made available to case participants only.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,
By    s/ Valerie Debnam
Valerie Debnam
Probation Officer
200 South College Street
Charlotte, NC 28202-2005
704-350-6656
Date: April 12, 2022

Approved by:
s/ Sherain Teel
Sherain Teel
Acting Supervising U.S. Probation Officer
704-350-7647

---

THE COURT ORDERS

- ☐ No Action
- ☒ The Issuance of a Warrant
- ☐ The Issuance of a Summons
- ☐ Other

Date: April 14, 2022

Signed: April 14, 2022

David C. Keesler
United States Magistrate Judge

## OFFENDER CHARACTERISTICS:

Family: Last Known address was 124 Dale Peterkin Street, Hamlet, NC.

Employment: The defendant was trying to return to his job at Plastek in Rockingham, NC. No verification of employment.

Financial: The defendant has no known financial problems.

Health: The defendant has no known health problems.

Summary of Defendant's Adjustment to Supervision: The last contact with Mr. James was a home contact on January 9, 2022. On that date, Mr. James advised he was trying to get his job back at Plastek in Rockingham, NC, but there has been no recent verification of employment. It should be noted that Mr. James has tested negative on six separate drug screens between March 3, 2020, and October 13, 2021. However, he owes $9,096.98 in restitution, the last payment was posted on May 26, 2021. He has been provided information on how to mail the $50 per month payments, specifically on October 13, 2021 and again on January 9, 2022. Mr. James signed his judgment initially in the Western District of North Carolina on December 2, 2019 acknowledging receipt of the judgment and his required conditions.

Summary of Officer Intervention: On March 3, 2020, the Middle District of North Carolina accepted transfer of supervision of Mr. James as his residence and employment was in Richmond County, NC. Since his transfer, Mr. James has struggled maintaining employment and stable living arrangements, and he has failed to pay his restitution as ordered. On February 13, 2022, his supervising officer attempted a home contact at his last known address, 124 Dale Peterkin Street, Hamlet, NC. At that time, the home appeared "vacant" in that there were no cars in the driveway and the dogs which were previously in the backyard were gone. The supervising officer left a note for Mr. James advising he contact this officer and be home for a contact on February 16, 2022. On February 16, 2022, the supervising officer received a call from a female indicating she received the supervising officer's note at 124 Dale Peterkin Street, Hamlet, NC and she did not know Mr. James. The female advised she signed the lease for the residence.

The supervising officer has attempted telephonic contact with Mr. James at his current known cellular phone number 910-502-8319, as well as past numbers (980-680-0222, 910-318-3013, and 910-318-7981) since the attempted home contact on February 13, 2022. Mr. James has failed to respond to this officer.

The supervising officer has requested a warrant be submitted in this case considering his whereabouts are unknown and it is believed he has absconded.

Prior Record: Attached is Part B of the Presentence report outlining this defendant's prior record.

## STATUTORY PROVISIONS:

### Count 4s, a Class A felony

If the Court finds that the defendant has violated the conditions of supervised release, it may modify the conditions, extend the term of supervision (if less than the maximum authorized term was previously imposed), or revoke the term of supervision, all according to 18 U.S.C. § 3583(e). If the Court revokes the term of supervised release, it may require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release, without credit for time previously served on post-release supervision. Since the original offense was a Class A felony, the defendant cannot be required to serve more than five (5) years in prison on any revocation, pursuant to 18 U.S.C. § 3583(e)(3). Pursuant to the PROTECT Act of 2003, this statutory maximum term of imprisonment starts anew upon revocation of any term of supervised release.

Additionally, if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or as part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year, 18 U.S.C. § 3583(g) directs the Court to revoke supervised release and sentence the defendant to a term of imprisonment not to exceed the maximum term authorized by 18 U.S.C. § 3583(e)(3). However, the Court, acting in accordance with the sentencing guidelines, has the authority to except an offender who fails a drug test from the mandatory revocation provisions pursuant to 18 U.S.C. § 3583(d). This provision states, "...The [C]ourt shall consider whether the availability of

appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test."

Additionally, when the term of supervised release is revoked, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h). The general supervised release statute, 18 U.S.C. § 3583(b), provides for a term of supervised release of "not more than 5 years" for a Class A felony, as involved here. Therefore, the additional term of supervised release available upon revocation is 60 months, less any term of imprisonment that is imposed upon revocation of supervised release.

Pursuant to the Mandatory Victims Restitution Act of 1996 and 18 U.S.C § 3663A, payment of restitution is mandatory.

### Count 3s, a Class B felony

If the Court finds that the defendant has violated the conditions of supervised release, it may modify the conditions, extend the term of supervision (if less than the maximum authorized term was previously imposed), or revoke the term of supervision, all according to 18 U.S.C. § 3583(e). If the Court revokes the term of supervised release, it may require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release, without credit for time previously served on post-release supervision. Since the original offense was a Class B felony, the defendant cannot be required to serve more than three (3) years in prison on any revocation, pursuant to 18 U.S.C. § 3583(e)(3). Pursuant to the PROTECT Act of 2003, this statutory maximum term of imprisonment starts anew upon revocation of any term of supervised release.

Additionally, if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or as part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year, 18 U.S.C. § 3583(g) directs the Court to revoke supervised release and sentence the defendant to a term of imprisonment not to exceed the maximum term authorized by 18 U.S.C. § 3583(e)(3). However, the Court, acting in accordance with the sentencing guidelines, has the authority to except an offender who fails a drug test from the mandatory revocation provisions pursuant to 18 U.S.C. § 3583(d). This provision states, "...The [C]ourt shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test."

Additionally, when the term of supervised release is revoked, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h). The general supervised release statute, 18 U.S.C. § 3583(b), provides for a term of supervised release of "not more than 5 years" for a Class B felony, as involved here. Therefore, the additional term of supervised release available upon revocation is 60 months, less any term of imprisonment that is imposed upon revocation of supervised release.

Pursuant to the Mandatory Victims Restitution Act of 1996 and 18 U.S.C § 3663A, payment of restitution is mandatory.

### Counts 2s, 5s & 8s, Class C felonies

If the Court finds that the defendant has violated the conditions of supervised release, it may modify the conditions, extend the term of supervision (if less than the maximum authorized term was previously imposed), or revoke the term of supervision, all according to 18 U.S.C. § 3583(e). If the Court revokes the term of supervised release, it may require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release, without credit for time previously served on post-release supervision. Since the original offense was a Class C felony, the defendant cannot be required to serve more than two (2) years in prison on any revocation, pursuant to 18 U.S.C. § 3583(e)(3). Pursuant to the PROTECT Act of 2003, this statutory maximum term of imprisonment starts anew upon revocation of any term of supervised release.

Additionally, if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or as part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year, 18 U.S.C. § 3583(g) directs the Court to revoke supervised release and sentence the defendant to a term of imprisonment not to exceed the maximum term authorized by 18 U.S.C. § 3583(e)(3). However, the Court, acting in accordance with the sentencing guidelines, has the authority to except an offender who fails a drug test from the mandatory revocation

provisions pursuant to 18 U.S.C. § 3583(d). This provision states, "...The [C]ourt shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test."

Additionally, when the term of supervised release is revoked, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h). The general supervised release statute, 18 U.S.C. § 3583(b), provides for a term of supervised release of "not more than 3 years" for a Class C felony, as involved here. Therefore, the additional term of supervised release available upon revocation is 36 months, less any term of imprisonment that is imposed upon revocation of supervised release.

Pursuant to the Mandatory Victims Restitution Act of 1996 and 18 U.S.C § 3663A, payment of restitution is mandatory.

**Counts 1s, 6s & 7s, Class D Felonies**

If the Court finds that the defendant has violated the conditions of supervised release, it may modify the conditions, extend the term of supervision (if less than the maximum authorized term was previously imposed), or revoke the term of supervision, all according to 18 U.S.C. § 3583(e). If the Court revokes the term of supervised release, it may require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release, without credit for time previously served on post-release supervision. Since the original offense was a Class D felony, the defendant cannot be required to serve more than two (2) years in prison on any revocation, pursuant to 18 U.S.C. § 3583(e)(3). Pursuant to the PROTECT Act of 2003, this statutory maximum term of imprisonment starts anew upon revocation of any term of supervised release.

Additionally, if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or as part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year, 18 U.S.C. § 3583(g) directs the Court to revoke supervised release and sentence the defendant to a term of imprisonment not to exceed the maximum term authorized by 18 U.S.C. § 3583(e)(3). However, the Court, acting in accordance with the sentencing guidelines, has the authority to except an offender who fails a drug test from the mandatory revocation provisions pursuant to 18 U.S.C. § 3583(d). This provision states, "...The [C]ourt shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test."

Additionally, when the term of supervised release is revoked, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h). The general supervised release statute, 18 U.S.C. § 3583(b), provides for a term of supervised release of "not more than 3 years" for a Class D felony, as involved here. Therefore, the additional term of supervised release available upon revocation is 36 months, less any term of imprisonment that is imposed upon revocation of supervised release.

Pursuant to the Mandatory Victims Restitution Act of 1996 and 18 U.S.C § 3663A, payment of restitution is mandatory.

**GUIDELINE PROVISIONS:**

The violations listed are Grade C violations pursuant to U.S.S.G. § 7B1.1(a)(3). According to U.S.S.G. § 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision. The Revocation Table at U.S.S.G. § 7B1.4(a) provides for a guideline range of 5-11 months imprisonment for a Grade C violation with a criminal history category of III.

The Policy Statement of U.S.S.G. § 7B1.3(e) also recommends that the term of imprisonment be increased by the amount of time of official detention that will be credited towards service of that term under 18 U.S.C. § 3585(b) other than time resulting from the supervised release violation warrant or proceeding. Since there is no official detention adjustment necessary for the defendant, the imprisonment range is 5-11 months.

Pursuant to U.S.S.G § 7B1.3(g)(2), where supervised release is revoked and a term of imprisonment is imposed, the Court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

Submitted this 12th day of April, 2022.

                                                   by     s/ Valerie Debnam
                                                          Valerie Debnam
                                                          Probation Officer
                                                          200 South College Street
                                                          Charlotte, NC 28202-2005
                                                          704-350-6656

Approved by:   s/ Sherain Teel
                    Sherain Teel
                    Acting Supervising U.S. Probation Officer
                    704-350-7647

cc:     AUSA
        Defense Counsel